UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 1:15-CR-109 |
| Plaintiff | : | |
| | : | JUDGE BARRETT |
| vs. | : | |
| | : | GOVERNMENT'S RESPONSE |
| | : | TO DEFENDANT'S MOTION |
| RICHARD STAMPER, | : | TO SUPPRESS EVIDENCE |
| Defendant | : | SEIZED FROM RESIDENCE |

The United States, by and through the undersigned, Assistant United States Attorney, Christy L. Muncy, hereby submits its response to defendant's Motion to Suppress Evidence Seized Pursuant to Southern District of Ohio Search Warrant (Doc. 32). For the reasons set forth below, the United States respectfully requests defendant's motion be denied.

## I. BACKGROUND RELATED TO MOTION

In September of 2015, Special Agents with the Federal Bureau of Investigation executed a search warrant at 4873 Castleton Drive, Fairfield, Ohio 45014. The search warrant was authorized by a federal magistrate judge. The affidavit established, among other things, that a person using the internet service registered to Richard Stamper at a former residence had accessed child pornography during a particular date and time period. Stamper lived at the residence where the child pornography was accessed during the time frame the suspected activity took place. Stamper moved shortly afterward.

The information obtained during the course of the investigation, which was included in the affidavit, also determined that the computer which accessed the child pornography at Stamper's former residence had a log-on ID of "richard." A records check determined that Richard Stamper, a resident at the Jacobs Street address at the time the child pornography was

being accessed, was a registered sex offender having committed a sex offense against a child less than 13 years of age.

## ARGUMENT

**THE SEARCH WARRANT ISSUED TO SEARCH STAMPER'S RESIDENCE CONTAINED SUFFICIENT INFORMATION TO ESTABLISH PROBABLE CAUSE TO LINK STAMPER WITH HAVING ACCESSED CHILD PORNOGRAPHY USING A COMPUTER**

Stamper presents the Court with a weak argument in support of his assertion that the warrant affidavit did not contain sufficient information to establish probable cause. He claims the affidavit fails to set forth why the agent believed Stamper was the person who "allegedly accessed the child porn website from" Stamper's prior residence. He is wrong.

The Sixth Circuit has stated that a search warrant "must particularly describe the things to be seized, but the description, whose specificity will vary with the circumstances of the case, will be valid if it is as specific as the circumstances and nature of the activity under investigation permit." *Guest v. Leis,* 255 F.3d 325, 336 (6th Cir. 2001). An affidavit "must establish a nexus between the place to be searched and things to be seized, such that there is a substantial basis to believe that the things to be seized will be found in the place searched." *Ellison v. Balinski*, 625 F.3d 953, 958 (6th Cir. 2010). Probable cause exists "when there is a 'fair probability' ... that contraband or evidence of a crime will be found in a particular place." *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). It is only necessary that an issuing officer find "reasonable grounds for belief that evidence will be found in order to justify the issuance of a search warrant." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Probable cause has "repeatedly been defined in terms of the facts and circumstances known to the officers at the time of the search." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994). Further, the

"test for probable cause is simply whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Padro*, 52 F.3d 120, 123 (6th Cir. 1995). Here, given the totality of the circumstances and the information as meticulously laid out in the Affidavit, there was more than a fair probability that evidence of a child pornography crime would be found at Stamper's residence.

A search warrant is "judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000). Stamper's primary complaint appears to be centered on the two other residents of 297 Jacobs Street. Their names, identified in the affidavit in Paragraph 36, are "Arthur Ray" and "Pamela."[1] To be sure, the Affidavit does not give an account of the whereabouts of Arthur Ray or Pamela aside from their cohabitation with Stamper during the date and time someone at 297 Jacobs Street accessed child pornography. Nor should it, in the view of the United States. The log-on ID of the suspect computer was "richard", not "Arthur Ray" or "Pamela."

When issuing a warrant, a judge must apply a "totality of the circumstances" test to issues of probable cause. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). This test requires a "practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," that probable cause exists. *Id.* Here, the affidavit established that on the date and time of the internet activity directly connected to child pornography, the person engaging in that activity lived at 297 Jacobs Street. The internet access during that specific date and time was registered to Richard Stamper, noting the account was activated on March 15, 2013, and deactivated on March 11, 2015. Richard Stamper was an occupant of 297 Jacobs Street during the date and

---

[1] The Affidavit in Support of a Search Warrant for Stamper's residence has been made a part of the record, under seal, as Document 32-1. The last names of the occupants of Stamper's former residence are omitted in this motion response but are contained in the Affidavit.

time of the suspected child pornography activity. The information established that the log-on ID of the person suspected of accessing the child pornography was "richard." (See Paragraph 28 of Doc. 32-1). Richard Stamper moved from 297 Jacobs Street and established residency at 4873 Castleton Drive, Fairfield on or about March 11, 2015. He reestablished internet service on that same date. Richard Stamper is a registered sex offender by virtue of a conviction for rape of a minor under the age of 13 years old. Under the totality of the circumstances, there was no reason NOT to search Stamper's residence at 4873 Castleton Drive.

Nexus can be "inferred from 'the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding place'." *United States v. Elbe*, 774 F.3d 885, 889-90 (6th Cir. 2014); *quoting United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008). The defendant in *Elbe* argued that because none of the child pornography activity was directly connected to the residence he was living in at the time of the search, that an insufficient nexus existed. The Sixth Circuit disagreed. The Court turned to its holding in *United States v. Lapsins*, 570 F.3d 758 (6th Cir. 2009). In *Lapsins*, the Court held that in relation to child pornography an affidavit "including both information connecting the defendant to the offending username and information about where the defendant lived established probable cause" to search his residence. *Lapsins*, 570 F.3d at 766. The same is true here. The log-in ID associated with accessing the child pornography was "richard", not "Arthur Ray" or "Pamela." The internet service was in the name of Stamper, who happens to be a registered sex offender having committed a sex act against a child. There is a sufficient nexus.

*The Good Faith Exception*

Assuming the affidavit is found by this Court to be deficient, which it should not be, it should be saved pursuant to the "good faith" exception. *See United States v. Leon*, 468 U.S. 897 (1984). "When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull,* 480 U.S. 340, 347 (1987). However, courts should not suppress "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *U.S. v. Leon*, 468 U.S. at 922.

The Sixth Circuit has identified four specific situations in which an officer's reliance on a subsequently invalidated warrant cannot be considered objectively reasonable: (1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot be reasonably presumed to be valid. *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005). The first of the two situations are not at issue in the case at bar; leaving the Court to determine the applicability, if any, of the following two situations. The government submits that the affidavit contained sufficient probable cause and was more than "facially" valid.

Any objective law enforcement officer, after reviewing the affidavits would have concluded there was a fair probability that evidence of criminal conduct would be found in Stamper's residence. The affidavit established a long history of internet activity related to child pornography. It identified a particular log-on ID (identical to Stamper's first name). He lives at

the residence during the time of the suspected child pornography activity and he moved shortly thereafter. Any objective law enforcement officer reviewing the affidavit would have concluded it was sufficient to establish probable cause in light of the totality of the information.

Further, evidence "will not be excluded ... unless the illegality is at least the 'but for' cause of the discovery of the evidence," unless that is "'the challenged evidence is in some sense the product of illegal governmental activity.'" *United States v. Clariot*, – F.3d. –, 2011 WL 3715235 at p. 3 (6th Cir. 2011); quoting *Segura v. United States*, 468 U.S. 796, 815 (1984). Here, the exclusionary rule works in favor of the government. The Special Agent's conduct is not in question. She did not engage in any illegal or impermissible behavior. The purpose of the exclusionary rule is to punish, through the prohibition of evidence, conduct which clearly demonstrates an officer or agent acted in bad faith. The Special Agent did not act in bad faith. Therefore, the evidence in this matter should not be suppressed.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests Stamper's motion be denied.

> Respectfully submitted,
> CARTER M. STEWART
> United States Attorney
>
> *s/Christy L. Muncy*_____
> CHRISTY L. MUNCY (KY 88236)
> Assistant United States Attorney
> 221 E. Fourth Street, Suite 400
> Cincinnati, Ohio 45202
> (513) 684-3711
> Christy.Muncy@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Defendant's Motion to Suppress Evidence Seized Pursuant to SD Ohio Search Warrant (Doc. 32) was served this 22nd day of January, 2016, electronically, upon counsel for defendant.

*s/Christy L. Muncy*_____
CHRISTY L. MUNCY (KY 88236)
Assistant United States Attorney
