**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UNITED STATES OF AMERICA,            CASE NO. 1:15cr109

       Plaintiff,

-vs-                                               Michael R. Barrett, Judge

RICHARD STAMPER,

       Defendant

# O R D E R

This matter is before the Court upon Defendant's Motion to Suppress Statements (Doc. 31) and the Government's Response (Doc. 37). The Government filed a Supplemental Response (Doc. 40), to which Defendant filed a Response (Doc. 41). On January 28, 2016, the Court held a hearing on Defendant's Motion. (Doc. 38).

Defendant Richard Stamper has been charged with receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2), (a)(4), (b)(1) and (b)(2). Defendant moves to suppress statements obtained from him on the day of his arrest based on violations of the Fifth Amendment.

On September 18, 2015, Special Agents with the Federal Bureau of Investigation ("FBI") executed a search warrant at Defendant's home.[1] The search was part of an FBI investigation of a child pornography website. Defendant, who was home, stated that he would be willing to take a polygraph examination. Defendant then accompanied law enforcement to the Fairfield Police Department for such purposes. Other agents

---

[1] Defendant has filed a Motion to Suppress which challenges this search warrant. (Doc. 32).

remained at Defendant's home to conduct a preliminary search of his laptop computer for child pornography. At that time, Defendant was not under arrest.

Defendant explains that while he as at the Fairfield Police Department, he was questioned by agents. Defendant contends that even though he was read his *Miranda* rights and requested counsel on more than one occasion, agents continued to question him. Defendant maintains that any incriminating statements made by him occurred after his request for counsel and in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

The Government maintains that the statements made by Defendant were freely and voluntarily made. In support of its position, the Government has submitted two video files. The first video shows the interview of Defendant by FBI Special Agent Kevin Gormley. Agent Gormley explained to Defendant his rights regarding the polygraph examination. Defendant then signed a Consent to Interview with Polygraph form. (Doc. 37-1). The Consent to Interview with Polygraph form indicates that the time was 7:25 A.M. (Id.) Immediately thereafter, Agent Gormley began to advise Defendant of his *Miranda* rights, at which time, Defendant indicated that he wished to have a lawyer present during the polygraph examination. At that time, Agent Gormley quickly terminated contact with Defendant.

FBI Special Agent Pamela Kirschner testified during the hearing on January 28, 2016 that shortly after Agent Gormley terminated contact with Defendant, the agents informed Defendant that he was going to be arrested based on the preliminary results of the search of his computer. There is no video recording of this conversation. Agent Kirschner testified that Defendant was advised of his *Miranda* rights, which Defendant

acknowledged by signature on an Advice of Rights form. (Doc. 37-2). The time listed on that Advice of Rights form is 7:52 A.M. (Id.)

The second video shows an interview of Defendant by FBI Special Agents Pamela Kirschner, Lisa Dugan and James R. Whalen. This video recording begins at 8:02 A.M. The video commences with the agents referring to the Advice of Rights form, which appears to be visible on the table next to the agent. In the video, Defendant acknowledges the Advice of Rights form. The agents confirm with Defendant that he is being arrested and have a brief discussion regarding his criminal record. Thereafter, in response to a question regarding child pornography, Defendant appears to respond that one and half years ago he started viewing child pornography on "Silk Road." Defendant then asked the agents whether or not he could provide assistance or evidence relating to other offenses. The agents respond, and there is an extended dialog regarding cooperation, acceptance of responsible and United States Attorney's involvement in the process. During that dialog, at approximately 4 minutes and 40 seconds into the second video, Defendant indicates that he would like an attorney. The conversation continues thereafter with topics of cooperation and possible punishment.

In *Miranda v. Arizona*, the Supreme Court found that the Fifth Amendment right against self-incrimination required certain "procedural safeguards" when a suspect was subject to a custodial interrogation by law enforcement, including informing a defendant of his rights to both remain silent and consult an attorney. 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court has explained:

> The right to counsel recognized in *Miranda* is sufficiently important to suspects in criminal investigations, we have held, that it "requir[es] the special protection of the knowing and intelligent waiver standard." *Edwards v. Arizona*, 451 U.S., at 483, 101 S.Ct., at 1884. *See Oregon v.*

3

> *Bradshaw*, 462 U.S. 1039, 1046–1047, 103 S.Ct. 2830, 2835–2836, 77 L.Ed.2d 405 (1983) (plurality opinion); *id.*, at 1051, 103 S.Ct., at 2838 (Powell, J., concurring in judgment). If the suspect effectively waives his right to counsel after receiving the *Miranda* warnings, law enforcement officers are free to question him. *North Carolina v. Butler*, 441 U.S. 369, 372–376, 99 S.Ct. 1755, 1756–1759, 60 L.Ed.2d 286 (1979). But if a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation. *Edwards v. Arizona*, *supra*, 451 U.S., at 484–485, 101 S.Ct., at 1884–1885. This "second layer of prophylaxis for the *Miranda* right to counsel," *McNeil v. Wisconsin*, 501 U.S. 171, 176, 111 S.Ct. 2204, 2208, 115 L.Ed.2d 158 (1991), is "designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights," *Michigan v. Harvey*, 494 U.S. 344, 350, 110 S.Ct. 1176, 1180, 108 L.Ed.2d 293 (1990). To that end, we have held that a suspect who has invoked the right to counsel cannot be questioned regarding any offense unless an attorney is actually present. *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988).

*Davis v. United States*, 512 U.S. 452, 458, 114 S. Ct. 2350, 2354-55, 129 L. Ed. 2d 362 (1994).

Having reviewed the two videos, the Court finds that Defendant made an unequivocal request for counsel before the polygraph was conducted by Agent Gormley. The Court concludes that any statements made by Defendant to Agent Gormley after he made his request for counsel are inadmissible.

The Court finds that Defendant reinitiated conversation after being told that he was going to be arrested and was informed of his *Miranda* rights. These statements made by Defendant in the first four minutes and forty second of the video, including Defendant's reference to "Silk Road" are admissible. However, the Court finds that at that point, Defendant made an unequivocal request for counsel. Therefore, any statements made after Defendant's request for counsel are inadmissible. The Court will review with counsel the portion of the video immediately prior to his request for counsel

4

to determine what is appropriate to be played for the jury. The Court determines that Defendant's Motion to Suppress Statements (Doc. 31) is, therefore, **DENIED IN PART** and **GRANTED IN PART**.

      **IT IS SO ORDERED**.

                                                          _/s/ Michael R. Barrett_
                                                 Michael R. Barrett, Judge
                                                 United States District Court