UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

      Plaintiff,

      v.                                  Case No. 1:15cr109

Richard Stamper,                Judge Michael R. Barrett

      Defendant.

**OPINION & ORDER**

This matter is before the Court upon Defendant's Motion to Suppress Evidence. (Doc. 32). The Government filed a Response. (Doc. 35). This Court held a hearing on the Motion on January 28, 2016. (Doc. 38).

**I.    BACKGROUND**

Defendant Richard Stamper has been charged with receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2), (a)(4), (b)(1) and (b)(2). These charges stem from an investigation conducted by Special Agents with the Federal Bureau of Investigation ("FBI") which led to the discovery of a website, also referred to as "Website A," which the Government alleges contains child pornography.

Through their investigation, the FBI discovered that on February 3, 2015, a user registered for an account on Website A using the username "billnyepedoguy." (Doc. 32-1, Residential Search Warrant Affidavit, ¶ 27). According to the statistics section of this user's profile, the user "billnyepedoguy" had been actively logged into the website for

1

a total of four hours, one minute and 57 seconds, between February 3, 2015 and March 4, 2015. (Id.) Through its investigation, the FBI learned the Internet Protocol ("IP") address and Media Access Control ("MAC") Address used by "billnyepedoguy" to log into Website A. (Id., ¶ 28). The FBI also learned that the host name used was "badass" and the log-on ID was "richard." (Id.)

The FBI was able to determine that the IP address associated with the user "billnyepedoguy" was operated by the internet service provider Time Warner Cable. (Id., ¶ 34). An administrative subpoena was served on Time Warner Cable requesting information related to the user who was assigned to the IP address during the dates and times the user "billnyepedoguy" was accessing Website A. (Id.) The results of the subpoena showed that Defendant was the subscriber of the IP address, with a residential address of 297 Jacobs Street, Hamilton, Ohio. (Id., ¶ 35). The subscriber account was first activated on March 15, 2013 and deactivated on March 11, 2015. (Id.) The FBI's investigation indicated that three individuals, including Defendant, lived at the 297 Jacobs Street address at that time. (Id., ¶ 36).

Further research of public records showed that Defendant was a registered sex offender being tracked by the Butler County Sheriff's Office for a 2003 rape conviction of a minor under the age of 13 years old. (Id.) The FBI checked the Butler County Sheriff's Office records, which showed Defendant was living at 4873 Castleton Drive, Fairfield, Ohio. (Id.) Another administrative subpoena was issued to Time Warner Cable requesting any new account information for Defendant. (Id., ¶ 37). The results of the subpoena showed that Defendant's new account was activated on March 11, 2015. (Id.)

The residential address for the account was 4873 Castleton Drive, Fairfield Ohio. (Id.)

On September 17, 2015, law enforcement agents obtained a search warrant from a magistrate judge in this district to search 4873 Castleton Drive. Defendant argues that there was insufficient probable cause to support the warrant. Defendant explains that the warrant does not establish that is was Defendant, as opposed to one of the other two residents at the Jacobs Street address, who allegedly accessed the child porn website. Defendant explains further that the warrant does not explain whether one of the other residents also moved to the 4873 Castleton address.

## II.     ANALYSIS

The Fourth Amendment prohibits "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

In deciding whether to issue a search warrant, the Fourth Amendment requires the issuing magistrate to make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal alterations omitted). In other words, "[i]n applying the probable cause standard, the magistrate uses a practical standard, based on factual and practical considerations of every day life, rather than a technical standard." *United States v. Sneed*, 385 F. App'x 551, 556 (6th Cir. 2010)

(citing *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010)). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Lapsins*, 570 F.3d 758, 763-64 (6th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n. 13, 103 S. Ct. 2317, 2334, 76 L. Ed. 2d 527 (1983)).

Additionally, there must be "a nexus between the place to be searched and the evidence sought." *United States v. Gardiner*, 463 F.3d 445, 470 (6th Cir.2006) (internal citations omitted). The nexus "can be inferred from 'the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding places.'" *United States v. Elbe*, 774 F.3d 885, 889-90 (6th Cir. 2014) *cert. denied*, 135 S. Ct. 1573, 191 L. Ed. 2d 656 (2015) (quoting *United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008)).

Defendant argues that the warrant did not establish why it was believed that Defendant, as opposed to one of the other two residents at the Jacobs Street address, who allegedly accessed the child porn website. However, the Sixth Circuit has explained that a warrant affidavit must be "judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (en banc).

Here, based on the totality of the circumstances, the magistrate judge had a substantial basis for determining the existence of probable cause. The search warrant affidavit identified a user who registered for an account on Website A using the username "billnyepedoguy." The search warrant affidavit also identified the IP address and MAC

Address that "billnyepedoguy" used to log into Website A, along with the host name "badass" and the log-on ID "richard."  Finally, the search warrant affidavit explained that Defendant was the subscriber of the IP address associated with the user "billnyepedoguy."  The search warrant affidavit explains that Time Warner listed Defendant's address as 297 Jacobs Street, but further investigation revealed that Defendant had moved to 4873 Castleton Drive.

> The Sixth Circuit has explained:
>
> We have held in the context of child pornography that an affidavit including both information connecting the defendant to the offending username and information about where the defendant lived established probable cause to search the defendant's residence.  *United States v. Lapsins*, 570 F.3d 758, 766 (6th Cir. 2009).  This inference is permitted in the child pornography context, we have explained, because these crimes are committed in a private place with high-speed Internet.  *Id.* (citing *Wagers*, 452 F.3d at 540).

*United States v. Elbe*, 774 F.3d at 890; *see also United States v. Hinojosa*, 606 F.3d 875, 885 (6th Cir. 2010) (sufficient nexus created where affidavit established that: (1) child pornography was transferred from specific IP address to undercover agents; (2) the IP address was registered to the defendant's residence; and (3) the defendant actually lived at that address).

Therefore, the Court finds that there was a sufficient nexus between the user who registered for an account on Website A using the username "billnyepedoguy" and Defendant's residence at the 4873 Castleton address.  While Defendant lived with two other people at 297 Jacobs Street when "billnyepedoguy" accessed Website A, the log-on ID used by "billnyepedoguy" was "richard."  Defendant was the only person named Richard living at 297 Jacobs Street.  Moreover, public records showed that Defendant

5

was a registered sex offender for a 2003 rape conviction of a minor under the age of 13 years old. Given these circumstances, common sense dictates that there was a fair probability that evidence of a crime would be found at the 4873 Castleton address.

Because the Court concludes that the search warrant for 4873 Castleton Drive was properly issued, it is unnecessary to address the good faith exception to the exclusionary rule set forth in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Suppress Evidence (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             Michael R. Barrett, Judge
                                             United States District Court